CC TO JUDGE _KN_

The Honorable Robert S. Lasnik
United States District Court Judge

CV 00-01227 #00000028

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 2 0 2001   KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK T. ROCHA,

                Plaintiff,

    v.

CITY OF SEATTLE, et al.,

                Defendants.

No. C00-1227L

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL

NOTE ON MOTION CALENDAR
FRIDAY, OCTOBER 19, 2001

## I. INTRODUCTION

    Albert Einstein once said that "everything should be made as simple as possible, but not simpler." Following is our attempt to do just that  On July 21, 1997, around 1:00 p.m , plaintiff Rocha and a weekend acquaintance dined at the Hana Restaurant in Seattle. Over a period of six hours, plaintiff ordered food. He ate the food. He could not and did not pay for the food. As a result, he was arrested for theft, simply because he could not and did not pay for food he ordered and ate.

    Based on this arrest, plaintiff filed suit against nine defendants: retired Police Chief Norm Stamper, Seattle Police Officers Peter Huff, Jim Frese, and Micheline Kane, and the City of Seattle (collectively "City Defendants"), as well as four King County defendants However, plaintiff cannot present any evidence to dispute the fact that Seattle Police officers had probable cause to arrest him for theft.  Plaintiff's claims against the City

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 1

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

ORIGINAL

28

1  Defendants therefore fail as a matter of law.  Moreover, plaintiff's § 1983 claim against the

2  City of Seattle fails because he is unable to demonstrate that a policy or custom of the City

3  caused the alleged wrong.  In any event, the individual City Defendants are entitled to

4  qualified immunity.

5

6  ## II. RELIEF REQUESTED

7  The City of Seattle, retired Police Chief Norm Stamper, and Seattle Police Officers

8  Peter Huff, Jim Frese, and Micheline Kane (collectively "City Defendants"), pursuant to Civil

9  Rule 56, request that the Court grant their Motion for Summary Judgment of Dismissal and

10  dismiss plaintiff's Complaint with prejudice.

11

12  ## III. STATEMENT OF FACTS

13  In mid July 1997, Rocha traveled by Greyhound from Texas to Washington to visit

14  his sister  See Exhibit A (Deposition Excerpts of Rocha) attached to Declaration of Tobin

15  Dale; p. 8, l  4-6, 13. On July 19, 1997, Rocha participated in a "rave," pulled an all nighter,

16  and met for the first time a fellow named "Granville" in a bar. *Rocha Dep* , p  47, l  15-24; p

17  49, l. 1-4.  On the day of his arrest, Rocha and his new acquaintance Granville made their

18  way to the Hana Restaurant ("Hana's") in Seattle for some lunch. *Rocha Dep.*, p. 53, l  5-8

19  At approximately 1:00 p.m , on July 21, 1997, Rocha and Granville arrived at

20  Hana's. See Exhibit B (incident report) attached to Dale Decl. Before ordering food, Rocha

21  knew that he could not pay for the food:

22  Q:  Is it safe to assume that when you arrived at the Hana restaurant you
   realized that if Granville didn't pay, you couldn't pay?

23  A:  I told him that I couldn't.

24  Q.  And you knew that you couldn't pay, correct?

25  A:  Correct.

26

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 2

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

*Rocha Dep.*, p 53, l. 20-25. Nevertheless, Rocha ordered food, ate the food, and drank a "couple" of beers. He had no complaints about the service or food at Hana's *Rocha Dep*, p. 54, l. 20-25; p 55, l. 1-8.

When the bill came, neither could pay for it   Granville's credit card was declined, and Rocha only had $0 25 available to pay the bill   *Rocha Dep.*, p 56, l. 1-23, Exhibit B attached to Dale Decl. After Granville placed a phone call, he left without paying and did not return. *Rocha Dep*, p 56, l. 24-25; p 57, l. 17-21. During his six-hour stay at Hana's, Rocha made one attempt to obtain money. he placed one phone call one time to his sister *Rocha Dep.*, p. 59, l. 13-16, 19-21; Exhibit B attached to Dale Decl. Rocha explained how the rest of his time was spent:

> Q·     What were you guys doing between the time you were presented with the bill and the time Granville left the restaurant?
>
> A:     Sitting at the table watching people walk up and down Broadway.

*Rocha Dep*, p 58, l 14-18. After six hours at Hana's, and after warning Rocha to pay up or the police would be called, Hana's manager called the Seattle Police. *Rocha Dep*, p. 59, l 2-6; Exhibit B to Dale Decl

At approximately 7:10 p.m., Seattle Police Officers Kane and Frese responded to Hana's. Upon arrival, the officers were informed by the complaining witness, waitress Anne Monroe, that Rocha and a companion had consumed $37.53 worth of food and had not and could not pay. Admittedly, Rocha only had $0.25 available to pay the bill   Further, the officers were informed that Rocha and his companion had been in the restaurant since 1 00 p m (i e., about six hours). See Exhibit B to Dale Decl

Rocha informed the officers that a half hour before their arrival Granville went to the Western Union, just three doors down, to get some money wired. The officers contacted Western Union to see if anyone matching Granville's description had been seen, but no one had. *Rocha Dep.*, p. 63, l. 6-25; p. 64, l. 1-2, see also Exhibit B to Dale Decl.

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 3

STAFFORD FREY COOPER
————— *Professional Corporation* —————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Armed with the facts that (1) Rocha consumed food, (2) Rocha did not have money to pay for the food; and (3) his companion had left but had not returned, Officers Kane and Frese exercised their discretion to place Rocha under arrest for theft. This arrest was screened by Sergeant Huff. Following his arrest, Rocha was booked into the King County Jail. See Exhibit B to Dale Decl These charges were later dismissed for "proof problems " Dale Decl., ¶ 3.

At no time did any Seattle Police officer ever make any comment to Rocha about his out-of-state citizenship, or Texas residence   Rocha Dep., p. 72, l. 21-25; p. 73, l 1-5 Rocha claims his only financial loss to be "three or four ferry tickets." Rocha Dep., p 70, l 8-11   Rocha did not sustain any physical injuries as a result of his arrest and detention Rocha Dep., p. 71, l. 13-15.

During his deposition, Rocha explained why he was arrested:

Q.    . . . But can you tell me just briefly what your understanding is of why you were arrested?

A:    Because I lacked sufficient funds to pay the bill at the restaurant and was actually waiting for my companion to return with the money to pay the bill.

Rocha Dep., p. 9, l. 18-23.

## IV.  STATEMENT OF ISSUES

Whether plaintiff's claims against City Defendants should be dismissed when there was probable cause for plaintiff's arrest, when plaintiff cannot demonstrate that his damages were proximately caused by any policy or practice of the City of Seattle, and when the individual officers are entitled to qualified immunity.

## V.  EVIDENCE RELIED UPON

City Defendants rely upon the declaration of Tobin Dale, the Deposition (excerpts) of Patrick Rocha, and the files and records of this matter.

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 4

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

## VI. AUTHORITY AND ARGUMENT

A defendant in a civil action is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show that the matter does not involve any genuine issue of material fact. Fed. R Civ. P 56(c) The moving party need only demonstrate that there is an absence of evidence supporting an element essential to the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S Ct. 2548 (1986) Once the moving party meets its burden, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." Id. That is, the non-moving party "must present significant probative evidence tending to support its claim or defense." Richards v Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The non-moving party may not rely merely on conclusory allegations, speculative statements or argumentative assertions, but must produce independent evidence showing that a genuine issue exists. Fed. R Civ. P 56(e)

## A. PLAINTIFF'S CLAIMS AGAINST CITY DEFENDANTS FAIL AS A MATTER OF LAW.

Plaintiff advances four[1] claims against the City Defendants for violations under the (1) Fourth Amendment ("Lack of Probable Cause"); (2) Fourteenth Amendment ("Equal Protection Clause"); (3) the "privileges and immunities clauses"; and (4) under 42 U S C §1983 (discussed in the following Section B). None of these claims can survive summary judgment, as the plaintiff lacks evidence to support his claims, and as the officers had probable cause to arrest him for theft.

---

[1] Plaintiff mistakenly brings a "Seventh Cause of Action" for attorney fees under § 1988 "Section 1988 is merely procedural in nature and does not create an independent cause of action " Torrey v. Tukwila, 76 Wn App. 32, 39, 882 P.2d 799 (1994)

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 5



STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1       1       Plaintiff's Fourth Amendment Claim is defeated by Probable Cause

2              Plaintiff alleges that City Defendants "effected an unreasonable search and seizure[2]

3       without authority of law in violation of the Fourth Amendment" when he was arrested for

4       theft – after he ate food for which he did not pay. See Complaint, p. 7, l. 14-15.

5              However, probable cause is a complete defense to plaintiff's Fourth Amendment

6       claim  See e.g., Hennick v. Bowling, 115 F.Supp. 2d 1204, 1207 (W.D. Wash. 2000)(where

7       "probable cause existed, no triable issue of fact exists on plaintiff's Fourth Amendment

8       claims"), United States v. Smith, 790 F 2d 789, 792 (9th Cir. 1986)  A warrantless arrest

9       does not violate the Fourth or Fourteenth amendments if the police officers had probable

10      cause to believe an individual had committed or was about to commit a crime  See e.g.,

11      United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir. 1990) (Fourth Amendment); Albright

12      v. Oliver, 510 U S. 266, 274-75 (1994) (Fourteenth Amendment).

13             Probable cause for a warrantless arrest exists when the facts and circumstances

14      within the arresting officer's knowledge are sufficient to cause a person of reasonable

15      caution to believe that a crime has been committed.  Ybarra v Illinois, 444 U.S. 85, 91

16      (1979); State v. Rogers, 70 Wn. App. 626, 632, 855 P.2d 294, review denied, 123 Wn 2d

17      1004, 868 P 2d 872 (1993).  The validity of an arrest is determined by objective facts and

18      circumstances known to the officer at the time of arrest.  Beck v Ohio, 379 U S  89, 96

19      (1964); State v. Huff, 64 Wn. App  641, 645-46, 826 P 2d 698 (1992); State v. Fore, 56 Wn

20      App. 339, 783 P.2d 626 (1989).  "It is immaterial whether or not the [arrestee] was actually

21      violating the law at the time of the arrest if in fact his conduct was such as to lead a

22      reasonable prudent officer to believe in good faith he was violating the law "  Sennett v

23      Zimmerman, 50 Wn.2d 649, 651, 314 P.2d 414 (1937), citing Coles v  McNamara, 136

24      Wash  624, 627, 241 Pac. 1 (1925).

25
        ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
        [2] With respect to City Defendants, it is assumed that plaintiff's alleged "search" was the
26      "frisk" incident to his arrest and that the alleged "seizure" was his arrest for theft.

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 6

STAFFORD FREY COOPER
⎯⎯ Professional Corporation ⎯⎯
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1
2          Police officers may also conduct a warrantless search and seizure incident to a

lawful arrest:

3
4          When an arrest is made, it is reasonable for the arresting officer to search the
           person arrested in order to remove any weapons that the latter might seek to
5          use in order to resist arrest or effect his escape.   Otherwise, the officer's
           safety might well be endangered, and the arrest itself frustrated   In addition, it
6          is entirely reasonable for the arresting officer to search for and seize any
           evidence on the arrestee's person in order to prevent its concealment or
           destruction

7
Chimel v. California, 395 U S  752, 762 (1969).

8
9          Furthermore, it well-established that "[w]here an officer has legal grounds to make

an arrest he has considerable discretion to do so "   See e.g , McBride v  Walla Walla
10
11   County, 95 Wn. App. 33, 39, 975 P.2d 1029 (1999).  "An officer or police agency who elects

an option that is permissible under state and/or federal law does not violate civil rights
12
13   simply because there was a less intrusive and equally permissible option available."  Torrey

v. Tukwila, 76 Wn. App. 32, 44, 882 P.2d 799 (1994).
14
15          In this case, Officers Kane and Frese exercised their discretion to place Rocha

under arrest for prima facie theft.  Probable cause clearly existed for this arrest under SMC
16
17   12A.08.060.[3]  In other words, based on undisputed facts, *reasonable prudent officers could*

*believe that Rocha had violated SMC 12A.08.060.*  At the scene, the officers were informed
18
19   by the Hana's waitress that Rocha and his weekend acquaintance had consumed $37 53

worth of food and had not and could not pay. Admittedly, Rocha knew – prior to ordering
20
21   food – that if his acquaintance did not pay he could not pay.  See *Rocha Dep.*, p  53, l. 20-

25  Admittedly, Rocha only had $0.25 available to pay the bill.  Further, the officers were
22
23   informed that Rocha and his acquaintance had been in the restaurant since 1:00 p m  (i e.,

24   ─────────────────
[3] Under SMC 12A.08.060(A)(2), "A person is guilty of theft if: .     (2) By deception or by
25   other means to avoid payment for services, he intentionally obtains services which he
knows to be available only for compensation.
26

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 7



STAFFORD FREY COOPER
─── *Professional Corporation* ───
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

about six hours).  See Exhibit B to Dale Decl.  During these six hours, Rocha made only one (1) attempt to obtain money: he placed one phone call one time to his sister.  He made no other attempts to arrange for payment.  *Rocha Dep* , p. 59, l. 13-16, 19-21; p  61, l  7-10

Although having no legal obligation to do so, these officers also went an additional step by attempting to verify Rocha's story, regarding Granville's attempts to pay.  Per Rocha, Granville left a half hour before the officers' arrival to get some money at the Western Union, just three doors down.  The officers contacted Western Union to see if anyone matching Granville's description tried to obtain money; they were informed no one had.  *Rocha Dep.*, p. 63, l. 6-25; p. 64, l. 1-2, Exhibit B to Dale Decl.

Clearly, under these facts, the officers had probable cause to believe Rocha had committed theft by consuming food for which he did not have the ability to pay   Having probable cause, Officers Kane and Frese exercised their discretion to place Rocha under arrest.  Rocha was only "frisked" incident to his arrest.  *Rocha Dep.*, p. 62, l. 16.  This arrest was screened by Sgt. Huff.  Because Officers Kane, Frese, and Huff had probable cause to arrest for theft, plaintiff's Fourth Amendment claims are barred

2.    Rocha's Residence played No Role in His Arrest: His Fourteenth Amendment and "Privileges and Immunities" Claims Fail.

Plaintiff attempts to allege both an "equal protection" claim under the 14th Amendment, as well as a claim for "violation of the privileges and immunities[4] clauses contained in Article IV, Section 2," based on "disparate treatment" due to his Texas citizenship  See Complaint, p. 6  For three reasons, these claims fail.

First, in the event this claim is based on Rocha's "warrantless" arrest, this claim is barred by probable cause (as discussed in detail above). That is, a warrantless arrest does not violate the Fourteenth Amendment if the officers had probable cause to believe an

---

[4]  Article IV, Section 2, of the United States Constitution provides   "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 8

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21358\PLEADINGS\SUMMARY JUDGMENT DOC

individual had committed or was about to commit a crime. See e.g., Albright v. Oliver, 510 U.S. 266, 274-75 (1994). Further, the officers had considerable discretion in deciding to arrest Rocha  See e.g., McBride, 95 Wn  App. at 39 ("Where an officer has legal grounds to make an arrest he has considerable discretion to do so")

Second, this claim is barred because plaintiff has failed to state an equal protection claim.  To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, plaintiff must show that the City Defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  See Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977)("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause"); Barren v. Harrington, 152 F 3d 1193,1194 (9th Cir. 1998)(purposeful discrimination is an essential element of an equal protection claim)

In this case, there is absolutely no evidence of "purposeful discrimination" to arrest Rocha because he was a Texas resident.  In fact, Rocha testified during his deposition that he was arrested for not paying for his food, not for being a Texan:

Q:     . . But can you tell me just briefly what your understanding is of why you were arrested?

A:     Because I lacked sufficient funds to pay the bill at the restaurant and was actually waiting for my companion to return with the money to pay the bill.

Rocha Dep., p. 9, I. 18-23.

The officers made no comments regarding his out-of-state residency:

Q:     Right. I'm just talking about the Seattle Police Department officers during your time in the Hana restaurant or any time thereafter, did they make any comment at all about your residence?

A:     When I produced by Texas I.D. and I think **I basically asked them, you know, if this is the way they treat all of their tourists.**

Q.     And what did they say?

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 9

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21358\PLEADINGS\SUMMARY JUDGMENT DOC

1  A:    I don't remember. I think it was kind of a – more of a barb on my point. **And they just let it go**.

2

3  Q:    When you were arrested, did they tell you why you were being arrested?

4  A:    On suspicion of theft.

5  Q:    Did they say anything else?

6  A:    Not that I can remember, other than what I've already told you.

7  *Rocha Dep.*, p. 72, l 21-25; p. 73, l. 1-11. (emphasis added).

8      Without evidence of any "purposeful discrimination" to arrest Rocha for theft
9  because he was a Texan, plaintiff's equal protection claim fails as a matter of law
10 Moreover, these claims blatantly ignore the admitted, undisputed facts that Rocha ordered
11 and ate food for which he could not and did not pay. In the spirit of Albert Einstein's words
12 invoked earlier, the plain and simple truth is that this is *prima facie* theft under SMC
13 12A.08.060, whether one is from Texas or Tacoma

14     Finally, even had plaintiff stated an equal protection claim, it would fail because the
15 officers are entitled to qualified immunity (as discussed later in Section C).

16 **B.    PLAINTIFF DOES NOT HAVE A CLAIM AGAINST CITY DEFENDANTS UNDER
17         42 U.S.C. § 1983 FOR VIOLATIONS OF CIVIL RIGHTS.**

18     1.    <u>City Defendants retired Police Chief Stamper and Seattle Police Officers
             Peter Huff, Jim Frese, and Micheline Kane did not deprive plaintiff of any civil</u>
19           <u>rights, and plaintiff is therefore unable to maintain a § 1983 action.</u>

20     42 U.S.C. § 1983 ("§ 1983") does not apply in the absence of a federal constitutional
21 violation. "Section 1983 is not itself a source of substantive rights," but merely provides "a
22 method for vindicating federal rights elsewhere conferred." <u>Graham v. Conner</u>, 490 U S.
23 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), *quoting in part* <u>Baker v. McCollan</u>, 443 U.S
24 137, 144, n.3, 99 S Ct. 2689, 61 L.Ed.2d 433 (1979). Consequently, for plaintiff to have
25 standing to maintain a § 1983 claim, he must first demonstrate that the officers deprived
26 him of a right secured by the Constitution and the laws of the United States. <u>Flagg</u>

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 10

STAFFORD FREY COOPER
——— *Professional Corporation* ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Brothers, Inc. v Brooks, 436 U.S. 149, 155, 98 S Ct. 1729, 56 L.Ed.2d 185 (1978); Wood v Ostrander, 879 F.2d 583, *cert. denied*, 498 U.S 938 (9th Cir 1989), American Legion Post No. 32 v. City of Walla Walla, 116 Wn.2d 1, 12, 802 P 2d 784 (1991)

Here, there is absolutely no evidence that any of the City Defendants violated any of plaintiff's rights, including his rights under the 4th Amendment, the 14th Amendment, or under the "privileges and immunities clauses." Plaintiff is therefore unable to make the necessary threshold showing, and thus any § 1983 claim must be summarily dismissed

Furthermore, as a matter of law, plaintiff cannot bring a § 1983 claim against retired Police Chief Norm Stamper Chief Stamper had no contact or involvement whatsoever with the arrest and subsequent prosecution of this plaintiff. Without personal participation, Chief Stamper cannot be held liable See Rizzo v. Goode, 423 U.S 362 (1976).

2. *Defendant City's conduct did not rise to the level of an officially sanctioned policy or practice, and therefore any civil rights claim must fail*

Assuming, *arguendo*, that City Defendants' conduct constituted a violation of plaintiff's constitutional rights, his § 1983 claims against the City should be dismissed Plaintiff has not and cannot set forth facts establishing an official policy or custom on the part of the City of Seattle to support a claim of liability under § 1983 Moreover, even if a policy or custom is unearthed by plaintiff, he is unable to make the requisite causal showing between the municipal policy and the alleged wrongdoing by the City Defendants sufficient to support a constitutional claim under § 1983.

The leading case on the municipal liability under § 1983 is Monell v. Dept of Social Services, 436 U.S. 658, 98 S. Ct 2018, 56 L.Ed.2d 611 (1978).

> In Monell, . . . we decided that a municipality can be found liable under § 1983 only where the municipality itself caused the constitutional violations at issue Respondeat superior vicarious liability will not attach under § 1983. It is only when the execution of the government's policy or custom . . inflicts the injury that the municipality may be held liable under § 1983 Thus our first inquiry in any case alleging municipal liability under § 1983 is the question of whether

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 11



STAFFORD FREY COOPER
———— *Professional Corporation* ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1    there is a direct causal link between the municipality or custom, and the alleged constitutional deprivation.

2    _City of Canton, Ohio v. Harris_, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989).

3    A municipality may not be held liable under § 1983 merely because the plaintiff has

4    suffered a deprivation of federal rights at the hands of a municipal employee.   Bryan

5    County Commissioners v. Brown, 520 U.S.__, 117 S. Ct. 1382, 1389, 137 L.Ed.2d 626

6    (1997).  Instead, the plaintiff must identify a municipal policy or custom which itself caused

7    the plaintiff's injury.  Id. at p. 1388.  The existence of a policy or custom for purposes of a

8    constitutional action cannot be established solely on the occurrence of a single incident of

9    unconstitutional action by a non-policymaking employee   Oklahoma City v  Tuttle, 471 U.S

10    808, 105 S. Ct. 2427, 85 L.Ed.2d 791 (1985), Davis v. Ellensburg, 869 F 2d 1230 (9th Cir.

11    1989).

12    As noted above, Rocha's claim depends on a finding that he was arrested for being

13    a Texas resident   There is absolutely no evidence that Texans or other "foreigners" are

14    routinely arrested in Seattle – unless they commit recognized crimes.  There is no evidence

15    whatsoever beyond the facts of this case that suggest that any policy or custom on the part

16    of the City of Seattle proximately caused a violation of plaintiff's constitutional rights

17    Where, as here, the entire case is based upon one incident, plaintiff's civil rights claims

18    against the City must be dismissed.

19

20    **C.    QUALIFIED IMMUNITY BARS ALL OF PLAINTIFF'S CLAIMS.**

21    Police officers are entitled to qualified immunity from suit for claims based upon their

22    official actions.   Harlow v. Fitzgerald, 457 U S. 800, 102 S. Ct. 2727, 73 L.Ed 2d 396

23    (1982); Smiddy v  Varney, 665 F.2d 261 (9th Cir. 1981).   Qualified immunity is "an

24    entitlement not to stand trial or face other burdens of litigation "  Mitchell v. Forsyth, 472

25    U.S 511, 526 (1985)   In order to defeat this qualified immunity defense, plaintiff Rocha

26

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 12

STAFFORD FREY COOPER
————— Professional Corporation —————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q:\CLIENTS\3000\000\3019\21358\PLEADINGS\SUMMARY JUDGMENT DOC

must clear three distinct hurdles to avoid dismissal – which he cannot clear.  He must (1) identify a specific federal right allegedly violated by the conduct of defendants; (2) prove that the right was "clearly established" at the time of the violation; and (3) prove that no reasonable police officer could have believed that the actions were lawful, in light of the facts and circumstances known to the officer or public official.  See Altshuler v Seattle, 63 Wn. App. 389, 394, 819 P.2d 393, citing, Davis v Scherer, 468 U.S. 183, 197, 104 S Ct 3012, 82 L.Ed.2d 139 (1984); Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985), Romero v. Kitsap County, 931 F 2d 624, 627 (9th Cir. 1991)    The failure to meet any of these elements defeats the claim.

If the plaintiff can prove a violation of a "clearly established right," he must still show the police officer's actions were not "objectively reasonable" considering the circumstances and in light of the knowledge the officer possessed at the time.  The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law "  Hunter v. Bryant, 502 U.S 224, 227, 112 S. Ct. 534, 537, 116 L.Ed.2d 589 (1991), citing Malley v. Briggs, 475 U.S. 335, 343, 106 S. Ct. 1092, 1097, 89 L.Ed.2d 271 (1986); Mills v Graves, 930 F.2d 729, 731 (9th Cir 1991).  In a case involving a question of whether probable cause existed to support an action, "the case should not be permitted to go to trial if there is any reasonable basis to conclude that probable cause existed."  Cross v. City of Des Moines, 965 F.2d 629, 632 (8th Cir. 1992), citing Hunter v. Bryant, 502 U.S. at 227, 112 S. Ct. at 536.  It is of no consequence to a determination of qualified immunity that probable cause to arrest did not in fact exist.  Fuller v. M.G. Jewelry, 950 F.2d 1437, 1443 (9th Cir. 1991), citing, Anderson v Creighton, 483 U.S. 635, 641, 107 S Ct. 3034, 3039, 97 L Ed.2d 523 (1987).

The standard for common law qualified immunity is essentially the same as that for § 1983 qualified immunity.  The only significant distinction is the nomenclature used to

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

describe each. Pursuant to <u>Guffey v. State</u>, 103 Wn.2d 144, 690 P.2d 1168 (1984), an officer is entitled to common law qualified immunity from liability "for false arrest and imprisonment when the officer (1) carries out a statutory duty, (2) according to procedures dictated to him by statute and superiors, and (3) acts reasonably " <u>Id</u>. at 152.

In this case, plaintiff cannot clear the three hurdles of qualified immunity to avoid dismissal.  He has not (1) identified a specific federal right allegedly violated by the defendants; or (2) proven that this right was "clearly established" at the time of violation, or (3) proven that no reasonable police officer could have believed that the actions were lawful, in light of the facts and circumstances known   Furthermore, plaintiff must – and cannot – show that the actions of any of the City Defendants were not "objectively reasonable," considering all of the circumstances

Here, plaintiff's own actions and statements gave the police officers probable to arrest him for theft; he ordered and ate food for which he could not and did not pay Plaintiff is unable to present any evidence, whatsoever, to put into dispute the existence of probable cause (as discussed in detail in Section A.1).  Therefore, the City Defendants are immune from plaintiff's claims.

## VII. CONCLUSION

Plaintiff is unable to present any evidence, whatsoever, to put into dispute the existence of probable cause to arrest plaintiff for theft.  Plaintiff's claims therefore fail as a matter of law.  Moreover, plaintiff's § 1983 claim against the City of Seattle fails because he is unable to demonstrate that a policy or custom of the City cause the alleged wrong   In any event, the City Defendants are entitled to qualified immunity.  For all of the reasons set forth above, City Defendants request that the plaintiff's Complaint be dismissed with prejudice.

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 14

STAFFORD FREY COOPER
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1    DATED this 20th day of September, 2001.

2                                    STAFFORD FREY COOPER

3

4                          By _____

5                              Scott D  Fletcher, WSBA # 23150
                              Tobin E  Dale, WSBA # 29595
6                              Attorneys for City Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CITY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF DISMISSAL - 15

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q \CLIENTS\3000\000\3019\21358\PLEADINGS\SUMMARY JUDGMENT DOC

1

Certificate of Service

2  The undersigned certifies under the penalty of perjury according to the laws of the United
   States and the State of Washington that on this date I caused to be served in the manner
3  noted below a copy of this document entitled CITY DEFENDANTS' MOTION FOR
   SUMMARY JUDGMENT OF DISMISSAL on the following individual(s)

4
   Guy W. Beckett
5  Erin H. Hammond
   Beckett Law Offices, PLLC
6  Suite 208
   811 First Avenue
7  Seattle, WA  98104
        *Attorneys for Plaintiff*

8
   David J  Eldred
9  Deputy Prosecuting Attorney
   King County Prosecuting Attorney's Office
10 Tort Section
   900 King County Administration Building
11 500 Fourth Avenue
   Seattle, WA  98104
12      *Attorney for King County Defendants*

13
   [ ] Via Facsimile
14 [ ] Via Mail
   [X] Via Messenger
15
   DATED this *27th* day of September, 2001, at Seattle, Washington.
16

17

18                                    Brina Carranza

19

20

21

22

23

24

25

26
   CITY DEFENDANTS' MOTION FOR                STAFFORD FREY COOPER
   SUMMARY JUDGMENT OF DISMISSAL - 16         ────── Professional Corporation ──────
                                              A T T O R N E Y S
                                              2500 RAINIER TOWER
                                              1301 FIFTH AVENUE
                                              SEATTLE, WASHINGTON 98101-2621
   Q \CLIENTS\3000\000\3019\21358\PLEADINGS\SUMMARY JUDGMENT DOC    TELEPHONE (206) 623-9900