CS TO JUDGE KJ

The Honorable Robert S. Lasnik

FILED ENTERED
LODGED RECEIVED
OCT 18 2001 KN
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PATRICK T ROCHA, a single man,

Plaintiff,

vs

CITY OF SEATTLE, a municipal corporation, et al ,

Defendants.

NO. C00-1227 (L)

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE DISCOVERY MOTION, TO EXTEND DISCOVERY CUTOFF, AND TO CONTINUE CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT

It is in the interests of justice for the Court to allow full discovery so that this case may be decided on the merits, and therefore to grant the instant motion *See, e g , Ragge v MCA/Universal Studios*, 165 F.R D. 601, 603 (C D Cal 1995).

Rather than addressing these basic tenets of the civil justice system, in their response, the City Defendants spend a great deal of time rehashing the motion to shorten time that was already decided by this Court. In doing so, they frequently fail to distinguish between the materials submitted in support of the instant motion and those submitted in support of the motion to shorten time The problem with this approach is that they are two distinct motions, made on

CV 00-01227 #00000049

ORIGINAL

Beckett Law Offices, PLLC
811 First Avenue, Suite 208
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

two distinct bases, and involving two distinct sets of considerations. Therefore, in this reply, Plaintiff Patrick Rocha will only address those portions of the City Defendants' response made to his arguments offered in support of this motion [1]

**A. Considering All Relevant Circumstances, Justice Requires That Mr. Rocha Be Granted the Opportunity to Conduct Full Discovery Prior to the Court's Consideration of the City Defendants' Motion for Summary Judgment.**

In their response, the City Defendants cite *Stitt v Williams*, 919 F.2d 516 (9th Cir 1990) in support of their statement that in certain circumstances, a request for a continuance should be denied Def. Resp , p 6. However, *Stitt v Williams* does not stand for that proposition In that case, the Ninth Circuit simply upheld the trial court's decision, ruling that it was not an abuse of discretion for the Court to have denied a continuance. *Id* at 526 [2] The case does not say that that is what *should* happen. It is axiomatic that the Court has broad discretion in ruling on discovery motions -- which necessarily includes the discretion to allow further discovery. *See, e g , Ragge v MCA/Universal Studios*, 165 F R.D 601, 603 (C.D. Cal. 1995) Allowing further discovery in this case facilitates a decision on the merits -- and disposition on the merits is preferred *Id*

Moreover, *Stitt* is factually distinct from, and not instructive regarding, the case before this Court In that case, in November 1986, the Court set a March 1987 hearing date for appellee's summary judgment motion Between November 1986 and March 1987, the Court

---

1 Specifically, for example, the City Defendants' argument regarding Ms Hammond's research assignment will not be addressed in the body of this reply, because, as is plainly evident from the papers, that information was offered in explanation of why a motion to shorten time was necessary, not as a basis to support this motion This apparent attempt to distract the Court from the real issues at hand should be disregarded

2 City Defendants also cite *Allstate Ins Co v Gilbert*, 852 F 2d 449 (9th Cir. 1988) to support this assertion However, *Gilbert* does not address discovery issues, ever The case explains when an insurer has a duty to defend under a reservation of rights Therefore, this case will not be analyzed in this brief

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE DISCOVERY MOTION, TO EXTEND DISCOVERY CUTOFF, AND TO CONTINUE CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT - 2

Beckett Law Offices, PLLC
811 First Avenue, Suite 208
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

specifically granted the appellants permission to take the deposition of the necessary witness, but they apparently did not do so to their satisfaction. *Stitt*, 919 F 2d at 526. Having not only had the opportunity to depose the necessary witness but also having actually deposed him, the Court denied appellants' rule 56(f) request for a continuance. Here, unlike *Stitt*, Mr. Rocha has not previously deposed Officer Kane. Declaration of Erin H. Hammond in Support of Plaintiff's Reply on Discovery Motion ("Hammond Reply Decl.") at 1. Also unlike *Stitt*, this motion for summary judgment was filed September 20, 2001, after Mr. Rocha had notified the City Defendants of the need for additional discovery and been refused *Id* at 1-2. In this case, again in contrast to *Stitt*, there has been no opportunity for discovery since the motion was filed. *Id* at 2

At this point, it is instructive to revisit the facts before the Court today, because the City Defendants' do not paint an accurate picture in their response [3] The City Defendants and Mr Rocha agree that Mr Rocha sent interrogatories and requests for production on June 20, 2001 Def Resp , p. 3, *Id* at 3  They do not agree about when the requests for production were answered  The City Defendants assert that they responded to the discovery requests on July 27, 2001. Def Resp., p. 1. This is not true  The requests for production were not actually answered until August 14, 2001 -- almost a full month late.[4] Hammond Reply Decl. at Ex. A (signature page to City Defendants' responses to Mr. Rocha's requests for production)

---

[3]    Though Mr Rocha does not wish to become bogged down with the details of the City Defendants' *ad hominem* attacks, perhaps it should be noted here that a) the City Defendants' assertion contained in their response to this motion (regarding the motion to shorten time) that a date was "carefully" omitted is false and b) all relevant dates are included in this reply

[4]    Unsigned responses do not constitute answers to requests for production  At best, they constitute potential answers, the provision of which to opposing counsel raises interesting questions regarding waiver of the work product doctrine protection that are beyond the scope of this motion

PLAINTIFF'S REPLY IN SUPPORT
OF MOTION FOR LEAVE TO FILE
DISCOVERY MOTION, TO EXTEND
DISCOVERY CUTOFF, AND TO
CONTINUE CONSIDERATION OF
MOTION FOR SUMMARY JUDGMENT - 3

Beckett
Law Offices, PLLC
811 First Avenue, Suite 208
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

During the week after receiving the City's answers to the requests for production responses, Erin Hammond, an attorney for Mr. Rocha, and Tobin Dale, an attorney for the City Defendants, arranged a date for Ms Hammond to come to Mr Dale's office and review the responsive documents *Id* at 2 The date they agreed upon was August 31, 2001 -- a date during the following week. *Id* Ms. Hammond did review documents at Mr. Dale's office on August 31, 2001, however, she was unable to complete her review that day because of the volume of documents provided *Id* That weekend was Labor Day weekend, and Mr Dale's firm was closed the following Monday, September 3, 2001. *Id* So, Ms. Hammond returned and completed her review the next available day, the following Tuesday, September 4, 2001 *Id*

The very next day, Wednesday September 5, 2001, she telephoned Scott Fletcher, the attorney Ms Hammond believed was in charge of the City Defendants' defense, to discuss the newly-apparent need to depose Officer Kane *Id.* She did not receive a return call from Mr Fletcher that day, so she telephoned him again the next day, Thursday September 6, 2001 *Id* He did not return her call that day either *Id* On September 7, 2001, Mr. Fletcher returned Ms Hammond's call, and told her that he did not see any problem with the deposition taking place.[5] *Id*

At this point in time, Mr Rocha and the City Defendants had still been cooperating in discovery *Id* at 3 Mr Rocha had readily agreed to grant the City an extension to July 27, 2001 (the date it requested) when the City needed it in order to respond to his interrogatories and requests for production *Id* Then, when the City needed still more time beyond the originally requested date (i e , to procure signatures from their clients) Mr Rocha again cordially awaited their responses. *Id* Nevertheless, by letter dated September 9, 2001 and received by Mr

---

5 He also told her that he would have to double check that with another City Defendant attorney, Ted Buck Hammond Reply Decl at 2

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE DISCOVERY MOTION, TO EXTEND DISCOVERY CUTOFF, AND TO CONTINUE CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT - 4

Beckett Law Offices, PLLC
811 First Avenue, Suite 208
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

Rocha's counsel on September 10, 2001 -- the date of the discovery cutoff -- the City Defendants did an about face and denied the request for the deposition, thereby leaving Mr. Rocha no choice but to move this Court for leave to take the deposition. *Id* There was not a lack of diligence here If anything, Mr Rocha is in this position because he mistakenly allowed himself to be strung along by the City Defendants That said, he recognizes that it is his predicament to remedy -- hence, this motion.

Mr Rocha has requested a continuance of the summary judgment motion as a part of the instant motion because, though he believes that when viewing the evidence in the light most favorable to the non-movant (i e , to him) genuine issues of material fact exist which preclude summary judgment on the City Defendants' motion, he recognizes that there is a chance the Court may disagree *Id* Therefore, he seeks the opportunity to depose Officer Kane regarding her motives for taking him into custody on the evening in question. Specifically, he anticipates receiving direct testimony from Officer Kane regarding the fact that when she considered Mr Rocha's "ties to the community" in determining whether to arrest him, she was really considering and placing value on the fact that Mr Rocha did not live in Seattle and/or Washington and the fact that she was acting in accordance with her training and with official City policy when she so acted. *Id* This would go toward demonstrating the City Defendants' liability for violating the privileges and immunities and equal protection clauses of the United States Constitution *Id*

Additionally, the City has admitted that the officers were acting intentionally and in compliance with official policy and training when they arrested Mr Rocha (without probable cause and in violation of his Fourth Amendment rights) *Id* at 4 During the deposition, Mr Rocha expects to elicit testimony from Officer Kane regarding the official training and policies she was implementing and, essentially, how this training and these policies could lead her to violate Mr Rocha's constitutional rights *Id* This would go toward demonstrating the City




Beckett Law Offices, PLLC
811 First Avenue, Suite 208
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144

Defendants' liability for violating the Fourth Amendment of the United States Constitution. The direct testimony of Officer Kane cannot be provided at the present time, because, to date, Mr Rocha has been prevented from taking her deposition *Id*

If the request for a continuance of the summary judgment motion is denied, Mr Rocha nevertheless seeks leave of the Court to depose Officer Kane. The deposition would not prejudice the City in any way Indeed, the City Defendants have known of Mr Rocha's desire to depose Officer Kane since before the discovery cutoff. They were well aware of his request long before they filed their motion for summary judgment, and the trial in this matter is not set until next year For all these reasons, Mr Rocha requests that his motion be granted

**B. City Defendants' Request for Sanctions Should Be Denied.**

Mr Rocha asks that the Court deny the City Defendants' request for sanctions. Repeatedly, Mr. Rocha has attempted to restore the cooperation between himself and the City, and repeatedly the City has rebuffed his overtures. *See generally* Hammond Reply Decl., Ex. B Therefore, any cost incurred by the City Defendants in defending these motions, was cost they sought [6]

For the foregoing reasons and those stated in his moving papers, Plaintiff requests that the Court grant his motion, and deny City Defendants' request for sanctions

DATED this 17th day of October, 2001

BECKETT LAW OFFICES, PLLC

[signature]

Erin H Hammond, WSBA #28777
Attorneys for Plaintiff

---

[6] Moreover and ironically, though the City Defendants seem to argue that under no circumstances should a party ever request leave to file a discovery motion after the discovery motion cutoff date, they seem to find themselves exempt from this rule Twice, the City Defendants have notified Mr Rocha of their own intention to file a discovery motion after the cutoff Hammond Reply Decl at 4, Ex B Certainly, in taking that position, they did not mean to assert that they would pay Mr Rocha's costs for that motion, nor should he be charged with theirs

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE DISCOVERY MOTION, TO EXTEND DISCOVERY CUTOFF, AND TO CONTINUE CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT - 6

Beckett Law Offices, PLLC
811 First Avenue, Suite 208
Seattle, WA 98104
Tel 206-264-8135
Fax 206-264-8144